## In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA

v.

Thomas L. Davis Jr.

Defendant

Criminal Complaint

CASE NUMBER: 07-51M-MPT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about March 21, 2007 in the District of Delaware, Defendant Thomas L. Davis Jr. did knowingly:

1) Possess in and affecting interstate and or foreign commerce, a firearm, after having been convicted in Superior Court, in and for New Castle County, Delaware, on or about July 18, 2000, for Burglary Third Degree, a crime punishable by imprisonment for a term exceeding one year,

in violation of Title 18 United States Code, Section(s) 922(g)(1) and 924(a)(2);

I further state that I am a Special Agent, Bureau of Alcohol Tobacco Firearms and Explosives and that this complaint is based on the following facts:

See attached Affidavit.

Continued on the attached sheet and made a part hereof:   Yes

_____ - S/A - ATF
Scott C. Curley
Special Agent, ATF

Sworn to before me and subscribed in my presence,

March 22, 2007                    at        Wilmington, DE
Date                                          City and State

Honorable Mary Pat Thynge
United States Magistrate Judge                _____
Name & Title of Judicial Officer              Signature of Judicial Officer

FILED
MAR 22 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**AFFIDAVIT OF PROBABLE CAUSE IN SUPPORT OF CRIMINAL COMPLAINT
AGAINST THOMAS L. DAVIS Jr.**

I, Scott C. Curley, being duly sworn, depose and state:

1. Your affiant is a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and that your affiant has been employed in this capacity since September 10, 2001. During that time, my duties have included the investigation of federal and state firearms offenses. During the course of your affiant's law enforcement career, your affiant has received law enforcement training on the investigation of firearms offenses on numerous occasions. During the course of your affiant's law enforcement career, your affiant has participated in the seizure of over seven hundred firearms and has conducted numerous investigations of firearms offenses. Your affiant has also been involved in numerous conversations about the facts and circumstances of firearms offenses with the investigating officers of those firearms offenses. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge.

2. The seizure of all the below stated evidence occurred on March 21, 2007, in the City of Wilmington, State and Judicial District of Delaware, as stated to me by Wilmington Police Officers with personal knowledge of the seizure of the below items.

3. Your affiant reviewed the computer criminal history information for the Defendant, THOMAS L. DAVIS Jr. from the Delaware Justice Information System (DELJIS) and learned that the defendant had a prior felony conviction on July 18, 2000 for Burglary Third Degree in the Superior Court of New Castle County, in the State of Delaware, and that the crime was punishable by imprisonment for a term exceeding one year.

4. Based upon information stated to me by a Wilmington Delaware Police Officer who has personal knowledge of the below facts, your affiant learned the following.

   a) On March 21, 2007, Wilmington Delaware Police Officers were dispatched to the area of A and Townsend Streets in the city of Wilmington, Delaware in reference to an anonymous complaint of a short black male with a black jacket, blue knit cap at that location with a gun. The responding officers have worked in this area for several years and have participated in numerous arrests in the area. The Wilmington police officers stated that they are aware that this area of the city of Wilmington is known for both open air drug activity and violent criminal activity. As the uniformed officers approached the location they observed four black males, two of which were on foot and two of which were on bicycles. The Wilmington police officers observed that one of the persons at that location, who was on foot, matched the description of the gun man.

b)  As the officers made contact with the group, the individual who matched the description given by the anonymous caller of the gun man fled on foot. The Wilmington police officers gave the man verbal commands to stop, however the man continued to flee, ignoring the officers. The Wilmington police officers pursued the man on foot, remaining no more that approximately ten feet behind the man. One of the Wilmington police officers observed the man remove from the area of his waist band with his left hand a silver colored handgun and make a downward throwing motion to discard it. The officer eventually over took the man and took him into custody. The Wilmington police officers identified the man as Thomas L. Davis Jr.

c)  The Wilmington police officers then recovered the discarded firearm. The firearm was a Bryco Arms, model Bryco 38', .380 Auto Colt Pistol caliber, Semi-automatic handgun, Serial Number 1227891, the magazine of which was loaded with 6 rounds of ammunition.

d)  The officers conducted a criminal history check was Thomas L. Davis Jr. and it was found that Davis had a conviction on July 18, 2000 for Burglary Third Degree a felony in New Castle County Delaware Superior Court. The then contacted your affiant as the operation FED-UP protocol.

e)  Your affiant responded to the Wilmington Delaware Police Department and had the opportunity to conduct a post Miranda interview of Thomas L. Davis Jr., who admitted to your affiant that he had purchased the firearm a week prior to this arrest. Thomas L. Davis Jr. stated to your affiant that he had bought the firearm at the intersection of A and Townsend Streets, in the City of Wilmington, Delaware for $100.00 in United States Currency from a black male he knew as "Dee". Thomas L. Davis also stated to your affiant that he was a convicted felon and that he was currently on probation for a domestic assault.

f)  I am an ATF Special Agent who has been expertly trained and experienced in determining the interstate nexus of firearms and ammunition, and have been admitted as such in the United States District Court in and for the District of Delaware. Your affiant personally viewed the firearm and ammunition and knows that they were manufactured in a state other than Delaware, such that its possession in Delaware would have necessarily required that the firearm and ammunition had crossed state lines prior to its possession in Delaware and such that the possession of that firearm and ammunition in Delaware would have affected interstate and or foreign commerce.

g)  Your affiant is aware that the recovered firearm is a firearm as defined in Title 18, United States Code, Chapter 44, Section 921(a)(3) and that the ammunition is ammunition as defined in Title 18, United States Code, Chapter 44, Section 921(a)(17)(A).

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated 18 U.S.C. 922(g) and 924(a)(2) by possessing in and affecting interstate and or foreign commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year and respectfully requests that the Court issue a Criminal Complaint charging that offense.

_____  - S/A ATF
Scott C. Curley
Special Agent, ATF

Sworn to and subscribed in my presence
this 22 day of March, 2007

_____
Honorable Mary Pat Thynge
United States Magistrate Judge
District of Delaware