IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 07-42-JJF |
| THOMAS L. DAVIS, Jr., | : |
| Defendant. | : |

### DEFENDANT'S PRE-TRIAL MOTION TO SUPPRESS EVIDENCE AND STATEMENTS

Defendant, Thomas L. Davis, Jr., through his counsel, Eleni Kousoulis, hereby moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an Order suppressing for use by the government any and all evidence seized from Mr. Davis, on or about March 21, 2007, including any and all of Mr. Davis' statements made to law enforcement officers.

In support of this motion the defense submits as follows:

1.   On March 21, 2007, Wilmington Police Officers were dispatched to the area of A and Townsend Streets in reference to an anonymous tip of a black male with a gun.[1] When the uniformed officers arrived at that location they observed four black males. The officers allege that one of the

---

[1] Any facts contained in this motion were taken from the police reports and affidavits prepared with regard to this case. By including these facts in his pre-trial motion, Mr. Davis in no way concedes that events transpired as stated in these reports. It is Mr. Davis' position that an evidentiary hearing is needed to further develop the facts with regard to this motion through the adversarial process.

males fit the description given by the anonymous caller of the male with a gun.  As the officers made contact with the group, the individual who the officers allege matched the anonymous caller's description, ran.  The officers chased the individual, later identified as Mr. Davis.  As the officers caught up to him, Mr. Davis was forced to the ground, falling with his hands under his stomach.  The officers struck Mr. Davis in his right rib cage at which time Mr. Davis complied with the officer's commands to place his hands behind his back, and Mr. Davis was placed in custody.  The officers then recovered a gun in the street in the area where Mr. Davis had been apprehended.

2. While en route to the police station, Mr. Davis was read his Miranda warnings, at which time he invoked his Miranda rights, stating that he did not wish to give any statements.  Mr. Davis was subsequently turned over to the ATF for federal prosecution on the firearms charge.  Mr. Davis was subsequently read his Miranda warnings a second time and asked again to give a statement.  Mr. Davis is alleged to have waived his Miranda rights the second time, at which point Mr. Davis is alleged to have made several inculpatory statements regarding the firearm recovered by officers.

3. The Fourth Amendment prohibits unreasonable searches and seizures.  It is well-settled law that searches and seizures conducted without a warrant are per se unreasonable, and will only be allowed if they fall within a few well-delineated exceptions.  United States v. Katz, 389 U.S. 347, 357 (1967).

4. A seizure occurs at the application of physical force to restrain an individual or when the individual submits to a showing of authority by law enforcement officers.  United States v. Brown, 448 F.3d 239, 245 (3d Cir. 2006) (citing California v. Hodari D., 499 U.S. 621, 626 (1991).  Mr. Davis was clearly seized by the police officers in this case.  A seizure without a warrant or probable cause may only be conducted in the form of a brief investigatory stop, when the officer has

reasonable suspicion that the individual is engaged in criminal activity. Couden v. Duffy, 446 F.3d 483, 494 (3d Cir. 2006) (citations omitted).

5. The reasonable suspicion standard is less stringent than probable cause, but still requires an officer to have a "particularized and objective basis for suspecting the particular person stopped of criminal activity." United States v. Cortez, 499 U.S. 411, 417-18 (1981). "An officer's objective basis for suspicion must be particularized because the 'demand for specificity in the information upon which police action is predicated is the central teaching of this Court's Fourth Amendment jurisprudence.'" Brown, 448 F.3d at 246 (quoting Terry v. Ohio, 392 U.S. 1, 22 n. 18 (1968)).

6. In the present case, there was no probable cause or reasonable suspicion to justify the stop and seizure of Mr. Davis. At most, all the officers had at the time of their seizure of Mr. Davis, was an anonymous call of a black male with a gun. Although the officers allege that Mr. Davis fit the caller's description of the male with the gun, that, without more, is insufficient to establish reasonable suspicion or probable cause to justify Mr. Davis' seizure by law enforcement officers. "An anonymous tip that a person is carrying a gun is not, without more, sufficient to justify a police officer's stop and frisk of that person." Florida v. J.L., 529 U.S. 266 (2000). There was no reasonable suspicion that Mr. Davis was about to commit a crime or that he had just committed one. Thus, any subsequent search of Mr. Davis was illegal and in violation of the United States Constitution. Because the seizure was illegal, all evidence seized as a result of this illegal seizure, including any statements taken from Mr. Davis following his arrest, must be suppressed in accordance with the "fruit of the poisonous tree doctrine", as was expressed in Wong Sun v. United States, 371 U.S. 471 (1963).

7.   Mr. Davis also moves under the Fifth Amendment and <u>Miranda</u> to suppress any statements he allegedly made during, or subsequent to, his illegal search and seizure. According to <u>Jackson v. Denno</u>, 378 U.S. 368, 380 (1964): "[a] defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually, and reliably determined." Once the defendant raises the issue regarding the admissibility of a statement the government bears the burden of establishing compliance with <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966) and its progeny. <u>See</u> <u>Miranda</u>, 384 U.S. at 475.

8.   It is a fundamental principle that a suspect subjected to custodial interrogation must be advised of his rights before making a statement. <u>Miranda</u>, 384 U.S. 436. If a statement is obtained, the government has a heavy burden of proving the suspect waived his rights knowingly, intelligently, and voluntarily. <u>Id</u>. at 444.

9.   In the present case, there was no affirmative indication of understanding or voluntary waiver of the entire litany of constitutional rights. <u>See</u> <u>Miranda</u>, 384 U.S. at 473-74 (discussing that each right must be explained and attendant rights, such as the right to appointed counsel, must also be specifically explained and understood by the defendant). Mr. Davis invoked his <u>Miranda</u> rights and his Fifth Amendment right to remain silent when initially questioned by the officers on their way to the police station. The government has provided no evidence that Mr. Davis' subsequent waiver of his rights was a knowing, intelligent, or voluntary waiver.

10.   Mr. Davis did not adequately understand his rights and did not voluntarily waive them. Any statements allegedly made by Mr. Davis were not knowing or voluntary, and therefore, must be suppressed .

**WHEREFORE**, Mr. Davis respectfully requests that this Court conduct a hearing to further

develop the facts related to this motion and subsequently enter an order to suppress the evidence and statements as discussed above.

                                            Respectfully submitted,

                                            /s/
                                          Eleni Kousoulis, Esquire
                                          Assistant Federal Public Defender
                                          704 King Street, Suite 110
                                          Wilmington, DE  19801
                                          Attorney for Defendant Thomas L. Davis, Jr.

DATED: July 6, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-42-JJF |
| | : | |
| THOMAS L. DAVIS, Jr., | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

The Court having considered Defendant Davis' Motion to Suppress Evidence and Statements and good cause having been shown therefore;

IT IS HEREBY ORDERED this _____ day of _____, 2007, that any evidence seized at the time of Mr. Davis' arrest in this case, including any statements made by Mr. Davis, shall be suppressed.

 

                                                         Honorable Joseph J. Farnan, Jr.
                                                         United States District Court