IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal Action No. 07-42-JJF |
| Plaintiff, : | |
| v. : | |
| : | |
| THOMAS L. DAVIS, Jr., : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S PREHEARING RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS

The United States, by and through Colm F. Connolly, United States Attorney for the District of Delaware, and Shawn E. Martyniak, Special Assistant United States Attorney for the District of Delaware, hereby, respectfully requests that the Court deny the Defendant's *Motion to Suppress Evidence*. The Government respectfully submits this pre-hearing response in support.

The Government submits the following factual allegations:

1. On March 21, 2007, at approximately 6:30pm, uniformed Wilmington Police Officers in a fully marked patrol vehicle responded to the area of "A" and Townsend streets in the city of Wilmington, Delaware regarding a radio call of an individual armed with a handgun at that location.

3. The Officers were given a description of the individual believed to be armed with the handgun. The suspect was described as a short, black male wearing a black jacket, blue jeans, and a blue knit cap.

4. Upon arrival, the Officers Burton and Simonds noticed an individual matching the description standing on the south side of "A" Street. The individual was later determined to be Thomas L. Davis, Jr., herein "defendant." The suspect was accompanied by three other

individuals.

5. As the officers approached the area, the defendant and one of the other individuals began to walk away from the two other individuals by walking east on "A" Street. The two other individuals remained on the sidewalk.

6. As Corporal Burton stopped to speak with the two individuals that remained on the sidewalk, one of the two individuals that departed looked back at the officers from approximately a half of a block away. The defendant then fled down "A" Street. Seeing this action, Corporal Burton began to pursue the defendant. The defendant then turned on S. Heald Street with Officer Burton chasing behind. As Corporal Burton chased the defendant, he gave loud verbal commands for the suspect to stop.

7. The defendant continued to flee south on S. Heald Street, ignoring the commands of Corporal Burton. The defendant then turned east through an alleyway in his continued attempt to evade Corporal Burton.

8. As Corporal Burton chased, he saw the defendant reach into his the front part of his body, make a throwing motion, and then discard a silver handgun.

9. The defendant continued to flee as Corporal Burton closed in on him. As Corporal Burton got within ten feet of the defendant, the defendant fell to the ground on top of his hands. Corporal Burton contacted the defendant and attempted to take him into custody.

10. Corporal Burton gave the defendant loud, verbal commands to give the officer his hands. The defendant refused, keeping his hands tucked under his body. The officer then struck the defendant in the ribs, at which time the defendant complied with the officer's commands. The defendant was then taken into custody.

11. Corporal Burton then responded to the area that the defendant discarded the handgun. He located a silver Bryco .380 automatic handgun. The firearm had six rounds in the magazine and the magazine was inserted in the weapon's magazine well.

12. The officers transported the defendant to Wilmington Hospital due to his complaints regarding injuries to his rib area. The defendant was treated and released.

13. The Officers then responded to central booking where the defendant was arrested on the current charges.

14. A Suppression Hearing is scheduled for this matter on August 01, 2007. The Government respectfully requests the Court consider this as the Government's pre-hearing response. Additionally, the Government's respectfully requests permission to respond to any additional briefing filed by the defendant after the hearing.

## LEGAL ARGUMENT

### I. The defendant was not seized.

The defendant first argues that the Wilmington Police lacked reasonable suspicion to stop the defendant. In paragraph four of the defendant's motion he writes, "...Mr. Davis was clearly seized by the police officers in this case." The problem with his argument is that the defendant was not stopped, detained, in custody, or seized prior to discarding the handgun.

The United States Supreme Court has made clear that in order to constitute a seizure of a person there must be either the application of physical force by the officers or submission by the suspect to the Officer's show of authority. *California v. Hodari D.*, 499 U.S. 621 at 626, 627 (1991). A show of authority by the police to which a subject does not yield is insufficient. *See id.* Moreover, if no physical force accompanies the show of authority, and an individual then

chooses to ignore the show of authority, there is no seizure until the officer applies physical force or the individual submits to the show of authority. *See id.* at 624-627.

Prior to receiving any commands from the officers, the defendant fled from the officers. As the defendant attempted to flee the scene, Corporal Burton gave chase giving loud verbal commands for the defendant to stop. The defendant did not stop until after he had discarded the firearm. Prior to officers applying any type of force or restriction upon the defendant or the defendant submitting to the officer's authority, the defendant discarded the firearm; the officers did not seize the defendant until after he discarded the offending contraband.

## II. The defendant's rights were not violated when the officer seized the abandoned property.

After the defendant threw the firearm during the chase, the firearm became abandoned property. As abandoned property, the police were free to recover the contraband without violating any of the defendant's rights.

In *Abel v. U.S.*, the Supreme Court determined that warrant-less searches and seizures of abandoned property did not violate the Fourth Amendment. *Abel v. U.S.*, 362 U.S. 217 (1960). The Court wrote, "[t]here can be nothing unlawful in the Government's appropriation of . . . abandoned property." *Id.* at 241. By voluntarily abandoning property, an individual forfeits any reasonable expectation of privacy in that property. *See e.g. U.S. v. Fulani*, 368 F.3d 351, 354 (3d Cir. 2004), *U.S. v. Kabiarets*, Criminal Action No. 05-111-JJF, 2007 WL 2004424 at 6. (D.Del. 2007). Furthermore, any property seized by police after it is abandoned is not the fruit of a seizure. *California v. Hodari D.*, 499 U.S. 621 at 626, 629 (1991).

4

In the case at bar, the defendant was not seized prior to his discarding of the offending contraband. Once the defendant discarded the firearm, the property was abandoned and the officers were free to recover the item. WHEREFORE, the United States respectfully asks the Court to deny the Defendant's Motion.

                                          Respectfully submitted,
                                          COLM F. CONNOLLY
                                          United States Attorney

                                        By:    /s/ Shawn Martyniak

                                        Shawn E. Martyniak (De. I.D. No. 4433)
                                        Special Assistant United States Attorney
                                        1007 Orange Street, Suite 700
                                        P.O. Box 2046
                                        Wilmington, Delaware 19899-2046

Dated: July 31, 2007.

CERTIFICATE OF SERVICE

I, Shawn E. Martyniak, hereby certify that on July 31, 2007, I caused the foregoing 'Government's Response to Defendant's Motion to Suppress' to be served on the following counsel by electronic filing:

Eleni Kousoulis
Federal Public Defender's Office
First Federal Plaza, Suite 110
704 King Street
Wilmington, DE 19801
302-573-6010

/s/ Shawn E. Martyniak
Shawn E. Martyniak (De. I.D. No. 4433)