

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

1007 Orange Street, Suite 700
P.O. Box 2046                                    (302) 573-6277
Wilmington, Delaware 19899-2046                  FAX (302) 573-6220

August 13, 2007

Honorable Joseph J. Farnan, Jr.
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, DE 19801

### Supplemental Memorandum

      Re:  *United States v. Thomas L. Davis,*
            **Criminal Action No. 07-42-JJF**

Dear Judge Farnan:

      On August 01, 2007, Your Honor heard a suppression hearing in the matter of *United States v. Thomas L. Davis*. At the conclusion of the hearing, Your Honor directed the parties to set a schedule to provide the Court with Supplemental Memoranda supporting their respective positions. Both parties agreed that the Government would file its *Memorandum* by August 13, 2007 with the defendant's response due on Monday, August 20, 2007. As a result of the agreement, the Government respectfully submits the following *Supplemental Memorandum*:

      I. Facts.

      On March 21st, 2007, Wilmington Police Officers Burton and Simons responded to the area of "A" and Townsend Streets in the city of Wilmington, State of Delaware, regarding a radio call of an individual armed with a handgun at that location. (Tr. at 9-10). Upon arrival, the Officers attempted to contact two individuals seen leaving the corner in question. (Tr. at 12). As the Officers spoke to the two subjects departing the area, Officer Burton looked back up the street at the corner and saw several of the individuals still standing on the corner about a half of a black away. (Tr. at 26, 28). One of the subjects, later determined to be the defendant, began to flee. (Tr. at 13).

      Upon seeing the defendant flee, Officer Burton gave chase. (Tr. at 13). While chasing the defendant, Officer Burton recognized that the defendant matched the description of the armed person given over the radio call. (Tr. at 22). After losing contact with the defendant for a short time, Officer Burton saw the defendant flee down S. Heald Street. (Tr. at 32). The Defendant then fled into an alleyway off of S. Heald Street. (Tr. at 13).

      As Officer Burton gave chase, the defendant discarded a silver handgun. (Tr. at 15). The firearm was discarded while Officer Burton was still chasing the defendant and prior to him

submitting to any verbal commands of the Officer. (Tr. at 18, 19, 38). Approximately five (5) feet after discarding the weapon, the defendant fell to the ground. (Tr. at 15). The defendant was then taken into custody. (Tr. at 15).

## II. Legal Argument.

The Government submits that the sole issue to be determined by the Court is whether or not the Defendant was in police custody prior to his discarding the firearm. The testimony presented at the suppression hearing shows that the firearm was discarded prior to the defendant submitting to the commands of the Officer. As a result, the physical evidence should not be suppressed.

The United States Supreme Court has made clear that in order to constitute a seizure of a person there must be either the application of physical force by the officers or submission by the suspect to the Officer's show of authority. *California v. Hodari D.*, 499 U.S. 621, 626, 627 (1991). A show of authority by the police to which a subject does not yield is insufficient. *See id.* Moreover, if no physical force accompanies the show of authority, and an individual then chooses to ignore the show of authority, there is no seizure until the officer applies physical force or the individual submits to the show of authority. *See id.* at 624-627.

Prior to receiving any commands from either of the officers, the defendant fled. As the defendant attempted to flee the scene, Officer Burton gave chase. The defendant did not stop for the Officer until after he had discarded the firearm.

After the defendant discarded the firearm, it became abandoned property. In *Abel v. U.S.*, the Supreme Court determined that warrant-less searches and seizures of abandoned property did not violate the Fourth Amendment. *Abel v. U.S.*, 362 U.S. 217, 241 (1960). The Court wrote, "[t]here can be nothing unlawful in the Government's appropriation of . . . abandoned property." *Id.* at 241. By voluntarily abandoning property, an individual forfeits any reasonable expectation of privacy in that property. *See e.g. U.S. v. Fulani*, 368 F.3d 351, 354 (3d Cir. 2004); *U.S. v. Kabiarets*, Criminal Action No. 05-111-JJF, 2007 WL 2004424 at 6 (D.Del. 2007).

The evidence seized by the Wilmington Police should not be suppressed. The defendant fled from the Officer. As the defendant fled, and prior to being taken into custody, he discarded a firearm. The firearm was subsequently recovered by the officer along the side of a row-house out in the open. As a result of the defendant's discarding the firearm prior to being in police custody, the evidence recovered by the police should not be suppressed.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____
Shawn E. Martyniak
Special Assistant United States Attorney

cc:    Eleni Kousoulis, Esquire (By CM/ECF w/enclosure)