IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-42-JJF |
| | : | |
| | : | Civil Action No. 09-547-JJF |
| THOMAS L. DAVIS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

David C. Weiss, Esquire, United States Attorney and John C.
Snyder, Esquire, Assistant United States Attorney of the UNITED
STATES DEPARTMENT OF JUSTICE, Wilmington, Delaware.

Attorney for Plaintiff.

Thomas L. Davis, Jr., Pro Se Defendant.

---

**MEMORANDUM OPINION**

March 2 2010

Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody (D.I. 43) filed by Defendant, Thomas L. Davis, Jr. For the reasons set forth below, Defendant's Section 2255 Motion will be denied.

## I.    BACKGROUND

On October 2, 2007, Defendant was convicted by a jury of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Court sentenced Defendant to 78 months imprisonment and 3 years of supervised release.

Defendant filed a direct appeal challenging the Court's decision to deny suppression of the firearm, the reasonableness of his sentence, the effectiveness of his counsel, and the Court's charge to the jury. The Third Circuit affirmed Defendant's conviction and sentence. United States v. Davis, 328 Fed. Appx. 138 (3d Cir. 2009).

Thereafter, Defendant filed the instant Section 2255 Motion. By his Motion, Defendant contends that his trial and appellate counsel were constitutionally ineffective. The Government has filed a response to Defendant's Section 2255 Motion alleging that Defendant is not entitled to relief.

1

## DISCUSSION

### I.   Evidentiary Hearing

Pursuant to Rule 8(a) of the Rules Governing Section 2255
Proceedings, the Court should consider whether an evidentiary
hearing is required in this case.  After a review of Defendant's
Motion, the Government's response, and the record in this case,
the Court concludes that it can fully evaluate the issues
presented by Defendant, and the record conclusively establishes
that Defendant is not entitled to relief.  Accordingly, the Court
concludes that an evidentiary hearing is not required.  United
States v. McCoy, 410 F.3d 124, 131 (3d Cir. 2005).

### II.  Ineffective Assistance Of Counsel

To succeed on an ineffective assistance of counsel claim, a
defendant must satisfy the two-part test set forth by the United
States Supreme Court in Strickland v. Washington, 466 U.S. 668
(1984).  The first prong of the Strickland test requires a
defendant to show that his or her counsel's errors were so
egregious as to fall below an "objective standard of
reasonableness."  Id. at 687-88.  In determining whether
counsel's representation was objectively reasonable, "the court
must indulge a strong presumption that counsel's conduct falls
within the wide range of reasonable professional assistance."
Id. at 689.  In turn, the defendant must "overcome the
presumption that, under the circumstances, the challenged action

2

'might be considered sound ... strategy.' " Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Under the second prong of Strickland, the defendant must demonstrate that he or she was actually prejudiced by counsel's errors, meaning that there is a reasonable probability that, but for counsel's faulty performance, the outcome of the proceedings would have been different. Strickland, 466 U.S. at 692-94. To establish prejudice, the defendant must also show that counsel's errors rendered the proceeding fundamentally unfair or unreliable. Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

A.   Counsel's Failure To Request A Competency Hearing

Defendant's ineffective assistance of counsel claim centers on his contention that counsel failed to appreciate Defendant's significant mental health problems and consequently made significant errors in his representation of Defendant at trial. Specifically, Defendant contends that his trial counsel failed to request a competency evaluation and hearing prior to Defendant's trial and sentence.

In the context of counsel's failure to request a competency evaluation, a defendant must show that "there is a reasonable probability that he would have been found incompetent to stand trial." Hummel v. Rosemeyer, 564 F.3d 290, 303 (3d Cir. 2009). To be competent to stand trial, the defendant must have (1) sufficient ability at the pertinent time to consult with his

3

lawyers with a reasonable degree of rational understanding, and
(2) a rational, as well as factual understanding, of the
proceedings against him. Drope v. Missouri, 420 U.S. 162, 172
(1975) (citing Dusky v. United States, 362 U.S. 402, 402 (1960)).
There is no fixed formula for determining whether these
requirements are met. Rather, the Court must consider the
totality of the circumstances, including "evidence of a
defendant's irrational behavior, [the defendant's] demeanor at
trial, and any prior medical opinion on competence to stand
trial." Drope, 420 U.S. at 180.

In this case, the Court concludes that Defendant has not
shown a reasonable probability that he would have been found
incompetent to stand trial. The evidence concerning Defendant's
mental health problems predated his trial and sentencing by three
years or more, and thus, is not probative of his mental health
condition at the pertinent time. See Jermyn v. Horn, 266 F.3d
257, 293 (3d Cir. 2001) (finding that suicide attempt several
years before trial did not suggest incompetency to stand trial);
see also Paul v. United States, 534 F.3d 832, 845 (8th Cir. 2008)
(holding that mental health records from 1993 pertained to
"afflictions that [the defendant] suffered years before trial,
and . . . thus had little if any bearing on his competence" to
stand trial in 1996). Further, and perhaps most importantly, the
record indicates that Defendant understood the proceedings

4

against him, and could consult with his attorney and assist in
the preparation of his defense. Indeed, Defendant even
petitioned the Court independently and in writing (D.I. 29) for a
new attorney based on errors he perceived were occurring in
counsel's trial strategy. The Court also observed Defendant at
trial and during other proceedings related to his case, and noted
no deficiencies in his behavior or demeanor suggesting that he
was unable to comprehend the proceedings or assist and
communicate with his counsel. Accordingly, the Court concludes
that Defendant cannot establish a reasonable probability that he
would have been found incompetent to stand trial, and therefore,
the Court concludes that Defendant cannot establish ineffective
assistance of his trial counsel for failure to request a
competency hearing.

B.    Downward Departure In Sentencing And The Presentence
      Report

Defendant next contends that counsel was constitutionally
ineffective for failing to move for a downward departure at
sentencing based on his mental health history and failing to
object to calculations in the Presentence Report ("PSR"). With
regard to the downward departure, Defendant specifically cites
U.S.S.G. § 5K2.13 pertaining to diminished capacity and U.S.S.G.
§ 4A1.3 pertaining to the seriousness of a defendant's criminal
history. Defendant contends that the PSR included convictions
that should not have been included because they were sustained

5

when he was unrepresented by counsel or suffering under mental
incompetency that should have precluded his ability to plead
guilty to those crimes.[1]

Section 5K2.13 of the Sentencing Guidelines allows the Court
to depart downward where the defendant committed the subject
offense "while suffering from a significantly reduced mental
capacity" and the reduced mental capacity "contributed
substantially to the commission of the offense." Section 4A1.3
of the Sentencing Guidelines allows a downward departure where
"reliable information indicates the defendant's criminal history
category substantially over-represents the seriousness of the
defendant's criminal history or the likelihood that the defendant
will commit other crimes."

In the Court's view neither of these departures would have
been applicable to Defendant, and therefore, the Court concludes
that Defendant cannot establish either prong of Strickland. As
the Court has discussed, the mental health history that Defendant
relies on predates his arrest by at least two to three years.
There is no indication in the record that defense counsel was
presented with evidence that would have supported an argument
under Section 5K2.13 that Defendant suffered from a reduced

---

[1]     To the extent Defendant challenges the convictions used
in his presentence report, the Court notes that Defendant is not
specific as to which convictions he challenges, and in any event,
the Guidelines do not permit the Defendant to collaterally attack
his prior convictions. U.S.S.G. § 4A1.2, app. note 6.

6

mental capacity at the time he committed the offense of conviction. Further, Section 5K2.13 prevents the Court from departing downward where "the defendant's criminal history indicates a need to incarcerate the defendant to protect the public." U.S.S.G. § 5K2.13. In this case, Defendant's criminal history includes five assault convictions which, in the Court's view, prohibits the application of Section 5K2.13 based on the need to protect the public.

As for Section 4A1.3, Defendant has not presented any reliable information suggesting that reasonable counsel would have challenged the PSR's criminal history category as overstating the seriousness of the crimes or the likelihood that Defendant will commit other crimes. In fact, the record suggests that when Defendant was noncompliant with his medications, he was more likely to commit an offense. (D.I. 38 (Sentencing Hearing Tr.) at 4 (noting that, according to defense counsel, "a lot of his prior crimes are a result of not taking his medication")).

In addition to the foregoing, the Court notes that it thoroughly considered Defendant's mental health history in sentencing Defendant. Despite counsel's arguments that Defendant's mental health difficulties were mitigating factors, the Court viewed the combination of his mental health problems and his criminal history as warranting a sentence at the higher end of the Guideline Range. In this regard, the Court stated:

7

What I read [in the PSR] was that sometimes you hear
voices and the voice tells you to hurt yourself or hurt
other people.  I can't imagine a more dangerous mix
than your record and being on the streets in Wilmington
with a gun and then your mental health history
uncontrolled because, apparently, depending on any
given day you're taking the medication or not.

(Id. at 7).

Given the Court's view that Defendant's mental health
condition posed a danger with his criminal history, it was
unlikely that the Court would have granted a downward departure
on the basis of reduced mental capacity or an overstated criminal
history.  Accordingly, the Court concludes that Defendant cannot
demonstrate that counsel was unreasonable or that the outcome of
his proceedings would have differed as required by Strickland.

    C.    Advice During Plea Bargaining

Defendant next contends that his counsel was ineffective for
failing to advise him of U.S.S.G. § 3E1.1 regarding acceptance of
responsibility and the possibility that he could have entered a
conditional guilty plea to preserve his acceptance of
responsibility while still challenging the Court's decision
denying his motion to suppress.  Defendant contends that if he
was properly advised, he would have pled guilty, avoided trial
and received acceptance of responsibility credits.

After reviewing the record, the Court is not persuaded by
Defendant's assertion that he would have entered a guilty plea

8

but for counsel's allegedly deficient advice.[2]  Indeed, in his

Section 2255 Motion, Defendant maintains that he still

"vehemently disputes the government's version of events, but for

purposes of his motion will recite the facts as gleaned from the

appellate record."  D.I. 43 at n.1.  The record also indicates

that Defendant went to trial to preserve his right to appeal the

Court's denial of his suppression motion.  Id., Exh. B at 2.  As

for his reference to a conditional plea, the Court notes that

Rule 11(a)(2) requires the consent of the Court and the

Government to a conditional plea agreement.  Fed. R. Crim. P.

11(a)(3).  Defendant has not demonstrated that either the Court

or the Government would have consented to the entry of such a

conditional agreement.  In fact, counsel for defendant conceded

in a statement filed after the suppression hearing, that she

"could not find any case law to rebut the arguments set forth by

the government."  (D.I. 18 at 1).  Given the strength of the

---

        [2]     The Court notes that the Third Circuit has not yet
determined whether a defendant must present "objective evidence"
that he would have pled guilty but for counsel's deficient
advice.  U.S. v. Day, 969 F.2d 39, 45 (3d Cir. 1992).  However,
courts have recognized that something more than defendant's bare
assertion that he would have pled guilty is required.  Enright v.
United States, 347 F. Supp. 2d 159, 166 (D.N.J. 2004) ("The Third
Circuit has not affirmatively adopted or rejected an objective
evidence requirement for demonstrating that a habeas petitioner
would have accepted a plea offer, but it is clear that something
more than a bare allegation is required.")  In this case, not
only is Defendant's assertion that he would have pled guilty
vague and conclusory, it is contrary to the record evidence,
including his position in his Section 2255 Motion.

9

Government's suppression arguments, it is unlikely that the
Government would have agreed to a conditional plea agreement.
Accordingly, the Court concludes that Defendant cannot establish
prejudice under Strickland as a result of counsel's allegedly
deficient advice.

## IV.  Certificate Of Appealability

The Court may issue a certificate of appealability only if
Defendant "has made a substantial showing of the denial of a
constitutional right."  28 U.S.C. § 2253(c)(2).  In this case,
the Court has concluded that Defendant is not entitled to relief
on his claims, and the Court is not convinced that reasonable
jurists would debate otherwise.  Because Defendant has not made a
substantial showing of the denial of a constitutional right, the
Court declines to issue a certificate of appealability for
Defendant's claims.

### CONCLUSION

For the reasons discussed, the Court will deny Defendant's
Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct
Sentence By A Person In Federal Custody and decline to issue a
certificate of appealability.

An appropriate Order will be entered.